UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

ASHLEY JARMICKA PATTERSON,    Case No: 05-16502

    Debtor.

UNIVERSITY OF SOUTH ALABAMA
FEDERAL CREDIT UNION,

    Plaintiff,

v.    Adv. No.: 06-01154

ASHLEY JARMICKA PATTERSON,

    Defendant.

**ORDER HOLDING THAT THE LOAN MADE TO THE DEBTOR BY UNIVERSITY OF SOUTH ALABAMA FEDERAL CREDIT UNION DID NOT CONSTITUTE A STUDENT LOAN UNDER THE BANKRUPTCY CODE, THEREBY MAKING IT A DISCHARGEABLE DEBT**

    Stephen Murray, Attorney for Debtor, Mobile, AL
    John Lee, Attorney for University of South Alabama Federal Credit Union, Mobile, AL

This matter came before the Court on University of South Alabama Federal Credit Union's ("USAFCU") complaint to determine the dischargeability of loans it made to the debtor. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has authority to enter a final order. For the reasons indicated below, the Court holds that the loan made to the debtor by USAFCU did not constitute a student loan under the Bankruptcy Code, thereby making it a dischargeable debt.

**FACTS**

The debtor filled out a "College Expense Application" with USAFCU on August 19, 2004, requesting a $2,000 loan to cover educational expenses for the fall semester at the University of South

Alabama. The application provided that "[y]ou agree that if you are approved for a college expense loan through [USAFCU] that your use of the loan funds received will be limited to educational purposes such as tuition, student housing or meals . . . . " On August 24, 2004, the debtor signed a "Close End Note, Disclosure and Security Agreement For College Expenses", evidencing that USAFCU disbursed $1,350.75 to USA and $350 to the debtor to use at the USA bookstore.[1]

The debtor filed a Chapter 13 case on October 13, 2005, which was subsequently converted to a Chapter 7 case on September 14, 2006. In her conversion petition and schedules filed on October 10, 2006, the debtor listed USAFCU as a creditor holding an unsecured nonpriority claim. USAFCU filed a proof of claim on March 24, 2006, for $2,011.32.

The Court held a hearing on the matter on January 23, 2007. At the hearing, USAFCU's counsel argued that this debt should be deemed nondischargeable under 11 U.S.C. § 523(a)(8) since it was a loan conferred on the debtor for an educational benefit and since the documents the debtor signed expressly limited the loan funds for educational purposes. The Debtor's attorney argued that the funds provided by USAFCU did not constitute a student loan under the Code since the language of Section 523(a)(8) expressly limits student loans to those given or guaranteed by governmental entities and non-profit institutions, of which USAFCU is neither.

**LAW**

The issue before this Court is whether the loan made by USAFCU to the debtor is a student loan debt and therefore excepted from discharge under Section 523(a)(8). Since this case was filed prior to the effective date of the applicable provision under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the pre-BAPCPA Code is applicable. Pre-BAPCPA, 11 U.S.C. § 523(a)(8) provided

---

[1]This document and the August 19, 2004, document were received into evidence by the Court as Plaintiff's Exhibits 1 and 2.

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
>   (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents . . . .

In *United Res. Sys., Inc. v. Meinhart (In re Meinhart)*, the debtor financed the expense of a truck driving course by executing a promissory note with the entity providing the course. 211 B.R. 750, 752 (Bankr. D. Colo. 1997). The debtor subsequently defaulted on the note and filed a Chapter 7 case. *Id*. The court was confronted with the issue of whether a creditor, which was "a for-profit education program lender–as opposed to a government, government-related, or non-profit lender–[may] except from discharge its claim against the Debtor pursuant to 11 U.S.C. § 523(a)(8)?" *Id*. at 751. The creditor argued that "the final phrase of Section 523(a)(8) excepts the instant obligation from discharge[:] 'or for an obligation to repay funds received as an educational benefit, scholarship, or stipend.'" *Id*. at 752. The Court rejected the creditor's argument based on the following reasoning:

> Were this Court to accept the [creditor's] position that the final phrase should be read independently of the former portions of the subsection, the final phrase would subsume the remainder. The former, longer lived portions of Section 523(a)(8) would, therefore, be rendered meaningless. Such a conclusion is contrary to another clear mandate of statutory construction: A statute should not be construed in a way that renders phrases meaningless, redundant, or superfluous."

*Id*. at 753. The court in *In re Reis* cited to the *Meinhart* case as support for its conclusion that "[i]t is apparent that the intent of Congress was to except from discharge loans that are made, guaranteed, or funded by a governmental unit or nonprofit institution." 274 B.R. 46, 50 (Bankr. D. Mass. 2002).

The Court agrees with the reasoning employed in the *Meinhart* case and the conclusion reached in the *Reis* case. Looking, as the Court must, to the plain language of Section 523(a)(8), *see U.S. v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989)*, that section excepts from discharge "educational benefits"

made, insured, or guaranteed by a "governmental unit" or wholly or partially made under any "program" provided by a "nonprofit institution" or "governmental unit". USAFCU failed to present the Court with any evidence that it is either a "governmental unit" or a "nonprofit institution", or that any part of its loan was made under a "program" funded in whole or part by either a "governmental unit" or "nonprofit entity". *See Santa Fe Med. Servs., Inc. v. Segal (In re Segal)*, 57 F.3d 342, 347 (3d Cir. 1995) (to qualify as a debt excepted from discharge under Section 523(a)(8), "the loan must also have been made pursuant to some program"). Therefore, USAFCU's argument must fail.

THEREFORE IT IS ORDERED AND ADJUDGED that the loan made to the debtor by USAFCU did not constitute a student loan under the Bankruptcy Code, thereby making it a dischargeable debt.

Dated: January 24, 2007

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

4